# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTONIO RONDON MORENO; | ) | |
| ZAIRA S. MARTINEZ PARTIDA; | ) | |
| B. HERNANDEZ MARTINEZ; | ) | |
|    Residencial Real Campestre, Francisco | ) | |
|    de Santiago, Tabasco, Mexico 86246 | ) | |
| | ) | Civil Action No. 1:25-cv-2531 |
|         Plaintiff(s) | ) | |
| | ) | |
|       v. | ) | |
| | ) | |
| MARCO RUBIO, in his official capacity, | ) | |
| Secretary, U.S. Department of State; | ) | |
| MATT PIERCE, in his official capacity, | ) | |
| Acting Principal Deputy Assistant Secretary, | ) | |
| Bureau of Consular Affairs; | ) | |
| RAFAEL FOLEY, in his official capacity, | ) | |
| Consul General, U.S. Consulate General, | ) | |
| Ciudad Juarez, Mexico; | ) | |
| JOHN DOE, in his official capacity, Consular | ) | |
| Officer, U.S. Consulate General, Ciudad | ) | |
| Juarez, Mexico; | ) | |
|    U.S. Department of State | ) | |
|    2201 C St. NW | ) | |
|    Washington, DC 20520 | ) | |
| | ) | |
|         Defendant(s). | | |

_____

## PLAINTIFFS' ORIGINAL COMPLAINT  FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road,

Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-767-9030, Email:

sadaf@jeelani-law.com.

**INTRODUCTION**

COME NOW ANTONIO RONDON MORENO (hereinafter "Plaintiff RONDON MORENO" or collectively "Plaintiffs"), ZAIRA S. MARTINEZ PARTIDA (hereinafter "Plaintiff MARTINEZ PARTIDA" or collectively "Plaintiffs") and B. HERNANDEZ MARTINEZ   (hereinafter "Plaintiff HERNANDEZ MARTINEZ" or collectively "Plaintiffs") by and through the undersigned attorney, in the above cause, and state as follows:

1.      Plaintiff RONDON MORENO is a dual national of Mexico and Venezuela. He is the beneficiary of an approved Form I-140, Immigrant Petition for Alien Worker.

2.      This action is brought as a result of Defendants' failure to adjudicate Plaintiffs' respective Immigrant Visa Applications (hereinafter "Applications") within a reasonable period of time. Plaintiffs' respective Applications have been undergoing administrative processing, without any indication as to when their respective Applications will be cleared for approval. As of the date of this filing, Plaintiffs' respective Applications remain pending for over 69 weeks, since the completion of their interview, without any action or meaningful explanation regarding the unreasonable delay and for a total period of over 119 weeks (over two years and three months or over 27 months) since submitting their respective immigrant visa Applications. Plaintiffs have a clear right to the adjudication of their respective Applications within a timely manner. The final adjudication of the respective Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3.      Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Applications as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

2

4.      Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Applications.

**PARTIES**

5.      Plaintiff ANTON RONDON MORENO is a dual national of Mexico and Venezuela and he is currently being forced to reside in Mexico while he waits for the adjudication of his Application. He is an applicant for an immigrant visa based on an approved Form I-140, Immigrant Petition for an Alien Worker.

6.      Plaintiff ZAIRA S. MARTINEZ PARTIDA is a citizen of Mexico and currently resides there while awaiting the adjudication of her immigrant visa application. She is the dependent spouse of Plaintiff RONDON MORENO and has properly submitted her application. As such, she qualifies for the benefit sought and is eligible for an immigrant visa as a derivative applicant.

7.      Plaintiff B. HERNANDEZ MARTINEZ is a citizen of Mexico and currently resides there while awaiting the adjudication of her immigrant visa application. She is the dependent child of Plaintiff RONDON MORENO and has properly submitted her application. As such, she qualifies for the benefit sought and is eligible for an immigrant visa as a derivative applicant.

8.      Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs and U.S. Consulate in Ciudad Juarez, Mexico.  This action is filed against him in his official capacity.

9.      Defendant MATT PIERCE is the Acting Principal Deputy Assistant Secretary, Bureau of Consular Affairs. As Principal Deputy Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against him in his official capacity.

10.      Defendant RAFAEL FOLEY is the Consul General of the U.S. Consulate General in Ciudad Juarez, Mexico.  He is the principal officer in charge of the Consulate. This action is filed against him in his official capacity.

11.      Defendant JOHN DOE is a Consular Officer at the U.S. Consulate General in Ciudad Juarez, Mexico. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

12.      This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

13.      Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

14.      The Plaintiffs have repeatedly requested the Defendants to make a final decision on their respective Applications. Furthermore, Plaintiffs have initiated numerous inquiries with the U.S. Consulate General in Ciudad Juarez, Mexico. Plaintiffs' inquiries have not resulted in any meaningful response.

15.     The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied the U.S. Consulate General in Ciudad Juarez, Mexico, with documents that establish Plaintiffs' eligibility to receive immigrant visas to come to the United States as permanent residents.

16.     There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

17.     Plaintiff RONDON MORENO is the beneficiary of an approved Form I-140, Immigrant Petition for Alien Worker (hereinafter "I-140"). His I-140 was approved by the United States Citizenship and Immigration Services based on a finding that he qualifies for a national interest waiver. Plaintiff RONDON MORENO's Form I-140 was approved on November 14, 2022. (Receipt # SRC2290010192). **[EXHIBIT A].**

18.     On April 24, 2023, Plaintiffs successfully submitted their required immigrant visa applications; three separate Form DS-260 Immigrant Visa and Alien Registration Applications through the Department of State's Consular Electronic Application Center ("CEAC")**. [EXHIBIT B].**

19.     On March 27, 2024, Plaintiffs completed their required immigration medicals.

20.     On April 2, 2024, Plaintiffs appeared for their immigrant visa interview at the U.S. Consulate General in Ciudad Juarez, Mexico. (Confirmation # AA00BSTA0B; AA00BSXD61; AA00BSXJY5, respectively).  **[EXHIBIT C].**

21.     On April 3, 2024, Officer John DOE informed Plaintiffs that their respective cases were required to undergo mandatory administrative processing.

22.     Since completing their required interviews, the Plaintiffs have not received any further requests for evidence or additional information.

23.     Plaintiffs' respective Applications now continue to be pending for over a total of two years and three months (over 27 months or 834 days).

24.     Plaintiffs have made numerous inquiries over the past 16 months (490 days) since completing their required interviews.

25.     Plaintiffs' inquiries have not resulted in any meaningful response from the U.S. Consulate General in Ciudad Juarez, Mexico, with Plaintiffs only being told that their respective cases were  undergoing continued administrative processing and will take an unknown period of time.

26.     Plaintiffs' respective Applications now continue to be in pending status with the U.S. Consulate General in Ciudad Juarez, Mexico for over 69 weeks since the date of their last scheduled interview.

27.     The Department of State, and the U.S. Consulate General in Ciudad Juarez, Mexico, refuse to allege an average processing time for Immigrant Visa Applications. Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for a total period of over two years and three months (over 27 months or 834 days) for the adjudication of Plaintiffs' respective visa Applications.

28.     Moreover, Plaintiffs have incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiffs' respective Applications within a reasonable period of time.

## VIOLATION OF THE APA

29.     All prior paragraphs are re-alleged as if fully stated herein.

30.     Plaintiffs have a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153(b).

31.     Defendants have a duty to adjudicate Plaintiffs' respective Applications within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

32.     The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

33.     No other adequate remedy is available to Plaintiffs.

34.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate their respective Applications.

35.     Given the Defendants' lack of a reason for not making a decision on Plaintiffs' respective Applications for over 69 weeks, since the date of their interview, Plaintiffs' Applications have now been pending for an unreasonably long period of time.

36.     Defendants have failed in their statutory duty to adjudicate Plaintiffs' respective Applications within a reasonable period of time.

37.     Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law, and in violation of Plaintiffs' due process rights. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiffs' respective Applications.

38.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs' respective Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' respective cases.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' respective Applications.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' respective Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  August 4, 2025                          Respectfully submitted,

                                               /s/ Sadaf F. Ahmed
                                               **Sadaf F. Ahmed, Esq. (IN0013)**
                                               **JEELANI LAW FIRM, PLC**
                                               **3701 W. Algonquin Road, Ste. 630**
                                               **Rolling Meadows, IL 60008**
                                               sadaf@jeelani-law.com
                                               **Phone:(312) 767-9030**
                                               **Fax: (312) 549-9981**
                                               ***Counsel for Plaintiffs***