**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANTONIO RONDON MORENO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARCO A. RUBIO, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-02531 (AHA) |

**Memorandum Opinion**

Antonio Rondon Moreno, his wife Zaira S. Martinez Partida, and his daughter B. Hernandez Martinez sue to compel the government to make a final decision on their immigrant visa applications. The government moves to dismiss the complaint for failure to state a claim. The court agrees the plaintiffs have failed to state a claim and grants the motion.

I.      **Background[1]**

The Immigration and Nationality Act allows certain workers from foreign countries and their family members to apply for immigrant visas authorizing them to move to the United States. 8 U.S.C. §§ 1153(b), (d), 1202(a). An employer that intends to hire a foreign worker may petition to classify the worker as one that qualifies for an employment-based immigrant visa. 8 C.F.R. § 204.5(c). The workers and their family members then apply for visas through their local consulate and interview with a consular officer. 22 C.F.R. §§ 42.61(a), 42.62(a)–(b). After the interview, "the consular officer must issue the visa [or] refuse the visa." *Id.* § 42.81(a). If the

---

[1]    As required at this stage, the court accepts the complaint's well-pled factual allegations and draws all reasonable inferences in the plaintiffs' favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

consular officer concludes additional information could help establish the applicant's eligibility, the officer can "refuse" the visa and refer the application for further administrative processing. *Administrative Processing Information*, U.S. Dep't of State, https://perma.cc/Q4G8-THJT (last visited June 3, 2026).

Rondon Moreno and his family live in Mexico. ECF No. 1 ¶¶ 5–7. In November 2022, United States Citizenship and Immigration Services granted Rondon Moreno's I-140 petition, making him eligible for an employment-based immigrant visa. *Id.* ¶ 17. In April 2023, he and his family applied for immigrant visas. *Id.* ¶ 18. A consular officer interviewed the family in Mexico in April 2024 and, at the end of the interview, told them their applications were being referred for administrative processing. *Id.* ¶¶ 20–21. Since then, the family has asked about the status of their applications and been told their applications are still in administrative processing. *Id.* ¶¶ 24–25.

Rondon Moreno and his family sue under the Administrative Procedure Act ("APA") to compel the government to act on their visa applications. *See* 5 U.S.C. § 706(1) (authorizing courts to "compel agency action unlawfully withheld or unreasonably delayed"). The government moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6).[2]

---

[2]   The complaint does not clearly identify the APA claim the plaintiffs are bringing, asserting unreasonable delay, while also asserting that the delay is "arbitrary, capricious, or otherwise not in accordance with the law" and that the government is "unlawfully withholding action." ECF No. 1 ¶¶ 37–38. Given the conclusory nature of these statements and that the plaintiffs' subsequent briefing appears to only focus on unreasonable delay, the court construes the complaint to assert only that claim. *See* ECF No. 10 at 15–24. The plaintiffs do not identify any final agency action that could be challenged as arbitrary and capricious or contrary to law. *See* 5 U.S.C. §§ 704, 706(2)(A); *Arabzada v. Donis*, 725 F. Supp. 3d 1, 18 (D.D.C. 2024) (rejecting plaintiff's claim that the government's delay on an immigration application was arbitrary and capricious because the plaintiff did not identify any final agency action). And they do not argue any distinction between unlawful withholding and unreasonable delay.

## II.    Discussion

To survive dismissal for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court "must take all the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### A.  The Complaint Does Not State An Unreasonable Delay Claim

In *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"), the D.C. Circuit identified six non-exclusive factors that guide the unreasonable delay analysis:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (quotation marks and citations omitted); *see Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023) (recognizing that the *TRAC* factors are not exhaustive). These factors "are not 'ironclad,' but rather are intended to provide 'useful guidance

3

in assessing claims of agency delay.'" *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (quoting *TRAC*, 750 F.2d at 80). Here, the factors favor dismissal.[3]

The first factor is the "most important consideration" and the second factor "gives content to the first." *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 816 (D.C. Cir. 2024) (cleaned up). They evaluate "whether the agency's response time complies with an existing specified schedule and whether it is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Int. v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014). Here, both factors favor the government. The agency's response time is not subject to any specified schedule. At most, Congress has expressed its "sense" that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b). That "language is insufficient to set a deadline," serving only as an "aspirational statement" and "a ruler against which the agency's progress must be measured." *Da Costa*, 80 F.4th at 344 (cleaned up). This non-binding congressional aspiration "somewhat favors" the plaintiffs because they have been waiting more than 180 days. *Id*. But in the absence of a specific deadline, "courts typically turn to case law as a guide" to assess the reasonableness of a visa delay. *Sarlak v. Pompeo*, No. 20-cv-35, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020). Courts have recognized "[t]here is 'no *per se* rule as to how long is too long' to wait for agency action." *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) (quoting *In re Int'l Chem. Workers Union*, 958 F.2d 1144, 1149 (D.C. Cir. 1992)). However, they "have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable."

---

[3] The plaintiffs argue that "a TRAC analysis is highly fact-dependent, and accordingly, is premature at the motion to dismiss stage." ECF No. 10 at 16. However, the D.C. Circuit has affirmed dismissals of visa delay cases for failure to state a claim based on the *TRAC* factors. *See Da Costa*, 80 F.4th at 340–46; *Mukkavilli v. Jaddou*, No. 23-5138, 2024 WL 1231346, at *2 (D.C. Cir. Mar. 22, 2024) (per curiam).

*Sarlak*, 2020 WL 3082018, at \*6 (citation omitted) (collecting cases). Here, Rondon Moreno and his family's visa applications had been pending for about two years and three months in total, and for about one year and four months since the government's last action, at the time they filed this case. *See* ECF No. 1 ¶¶ 18, 20–21. Even accounting for the additional time since the complaint was filed, the delay is still within the range that courts have found consistent with a rule of reason. It has not reached the "level of disproportionality" necessary to tip these two factors in their favor. *Da Costa*, 80 F.4th at 344.[4]

The third and fifth *TRAC* factors address the interests affected by agency delay, including whether human health and welfare are at risk. *TRAC*, 750 F.2d at 80. Here, they are neutral. While the court does not doubt that the delay may have frustrated important interests of the plaintiffs, the complaint does not allege any specific harms caused by the delay, failing to allege the type of severe health or welfare threats that could offset the other factors. *See Hajizadeh v. Blinken*, No. 23-cv-1766, 2024 WL 3638336, at \*6 (D.D.C. Aug. 2, 2024) (concluding plaintiffs had not alleged

---

[4]    This court agrees with the other courts in this district that the reasonableness of delay cannot be determined solely "by reference to some number of months or years beyond which agency inaction is presumed to be unlawful" and can depend on facts such as "the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Jingjing Liu v. Mayorkas*, No. 20-cv-654, 2021 WL 2115209, at \*5 (D.D.C. May 25, 2021) (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003)). Courts have accordingly concluded that plaintiffs plausibly alleged the government's failure to follow a rule of reason when they alleged an agency "arbitrarily and intentionally increased [application] processing times," *id.* at \*3, or had "no processing queue," *Ahmed v. Blinken*, 759 F. Supp. 3d 1, 13 (D.D.C. 2024) (cleaned up). Here, although the plaintiffs allege lack of transparency, they do not allege the absence of a rule of reason. *See* ECF No. 1 ¶¶ 22, 24–25, 27 (alleging that in response to the plaintiffs' inquiries, the government has simply said their applications are "undergoing continued administrative processing" and refused "to provide further explanation which would merit the need for" such a long delay).

harms that "threaten [their] physical health and wellbeing in a manner compelling enough to overcome" the other factors).[5]

The fourth *TRAC* factor favors the government. This factor asks if "expediting delayed action" will have a harmful effect on "agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80. The D.C. Circuit has noted the importance of this factor. *See Mashpee Wampanoag Tribal Council*, 336 F.3d at 1100 (observing that the circuit has "refused to grant relief" based on factor four, "even though all the other factors considered in *TRAC* favored it"). In the visa context, compelling agency action is disfavored when relief "would necessarily come 'at the expense of other similarly situated applicants,'" with "no net gain" in overall efficiency. *Da Costa*, 80 F.4th at 343–44 (quoting *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 192 (D.C. Cir. 2016); *In re Barr Lab'ys, Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991)). Here, accepting the plaintiffs' allegations, the most natural inference is that prioritizing their applications would simply reorder applicants, prioritizing them over others who have been waiting. Compelling the government to complete its processing of the plaintiffs' applications would therefore simply advantage them over other applicants; there is no allegation that it would reduce delays more broadly. Because the relief sought entails bumping others who are ahead in the queue, factor four favors the government.[6]

_____

[5]    In a footnote of their opposition to the motion to dismiss, the plaintiffs first describe how the delay has prevented Rondon Moreno from establishing long-term employment and prevented his wife from receiving medical treatment at a specific rehabilitation center in Texas. ECF No. 10 at 24. But these harms still do not rise to the level that would tilt the analysis in their favor. *See Dehkordi v. Bitter*, No. 22-cv-2470, 2023 WL 5651845, at *5 (D.D.C. Aug. 31, 2023) (explaining that "even a solid showing" on the human welfare factors, which included significant medical issues and safety concerns, "is not enough to overcome the other factors that weigh strongly for defendants" (cleaned up)). Moreover, "in evaluating a motion to dismiss, the Court cannot consider factual allegations raised for the first time in an opposition brief." *United States ex rel. Fuchs v. Johns Hopkins Univ.*, No. 20-cv-3242, 2025 WL 958222, at *5 n.2 (D.D.C. Mar. 31, 2025).

[6]    In their opposition to the motion to dismiss, the plaintiffs argue there is "no evidence" that the government has a "first-come-first-served system" or that their applications are "pending pursuant

The sixth factor asks whether the agency's delay involves bad faith. *TRAC*, 750 F.2d at 80. There is no such allegation here and accordingly this factor is "neutral." *Afghan & Iraqi Allies*, 103 F.4th at 820 (citation omitted); *see* ECF No. 10 at 24 (explicitly stating that "[p]laintiffs have not alleged any impropriety").

Considered together, the *TRAC* factors counsel in favor of dismissal here. There is no denying the "troubling backlog" of visa applications and the way it disrupts the lives of so many people. *Da Costa*, 80 F.4th at 344. But under binding precedent, the court must conclude that the plaintiffs have not stated a claim that entitles them to relief.[7]

### III.    Conclusion

For these reasons, the court grants the motion to dismiss and dismisses this action without prejudice.

A separate order accompanies this memorandum opinion.

---

to a defined queue." ECF No. 10 at 21. The plaintiffs also assert that their applications "appear to have been effectively sidelined without explanation or progress." *Id*. But the complaint does not allege facts indicating that the plaintiffs' applications have been "sidelined" or that the government is operating without an ordered queue. Suggesting these possibilities in their opposition brief fails to satisfy the plaintiffs' burden to allege "more than a sheer possibility that a defendant has acted unlawfully." *Shanks v. Int'l Union of Bricklayers & Allied Craftworkers*, 134 F.4th 585, 590 (D.C. Cir. 2025) (quoting *Iqbal*, 556 U.S. at 678).

[7]    The government's motion asserts that it is also moving to dismiss for lack of jurisdiction under Rule 12(b)(1), but it does not make any jurisdictional argument in its motion and instead frames all of its arguments as reasons that the complaint fails to state a claim. *See* ECF No. 9 at 3–4, 9, 12. To the extent the government's reference to Rule 12(b)(1) relates to its consular nonreviewability argument, "the doctrine of consular nonreviewability is non-jurisdictional." *Baan Rao Thai Restaurant v. Pompeo*, 985 F.3d 1020, 1028 (D.C. Cir. 2021). And to the extent the government is referring to its nondiscretionary duty argument, this court follows the approach of others in this district, which have not treated the nondiscretionary duty requirement as jurisdictional. *See, e.g.*, *Baygan v. Blinken*, No. 23-cv-2840, 2024 WL 3723714, at *5 (D.D.C. Aug. 8, 2024) (assuming without deciding the existence of a nondiscretionary duty and proceeding to analyze the merits of plaintiff's claims). The court accordingly need not consider these issues because it dismisses the plaintiffs' claim on other grounds. *See Rashidian v. Garland*, No. 23-cv-1187, 2024 WL 1076810, at *5 & n.5 (D.D.C. Mar. 8, 2024) (explaining that courts may proceed to the merits instead of addressing these two threshold issues).

8

_____
AMIR H. ALI
United States District Judge

Date:    July 12, 2026

8